UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAE SHA'NEE MALDONADO,<br><br>Plaintiff,<br><br>vs.<br><br>R. H. TRIMBLE, et al.,<br><br>Defendants | Case No. 1:12 cv 01088 AWI GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

## I. Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections (CDCR) and Rehabilitation at Mule Creek State Prison, brings this civil rights action against defendant CDCR officials employed by the CDCR at Pleasant Valley State Prison.  Plaintiff names as defendants Warden Trimble, J. Lozano, Chief of Appeals, and three different Appeals Coordinators.  Plaintiff claims that he has been retaliated against in violation of the First Amendment and has been subjected so sexual harassment.

Plaintiff's complaint consists of rambling allegations.  Plaintiff refers to a pat down search, and conduct by a correctional officer (C/O Ramirez) that, in Plaintiff's view, constituted sexual harassment.  Plaintiff alleges that on November 27, 2011, he was subjected to a pat down search after leaving the chow hall.  Plaintiff alleges that the next day, C/O Ramirez was "flexing his chest while his chin was up in the air" after following Plaintiff in the chow hall.  Plaintiff filed an inmate grievance regarding Ramirez's conduct.

The balance of Plaintiff's complaint consists of legal conclusions and vague references to conduct by various correctional officials.  Plaintiff's central claim appears to be that the grievance process did not give him any satisfaction.

2

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

### A. Sexual Harassment

Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment. See Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000)("In the simplest and most absolute of terms . . . prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse . . .") see also Women Prisoners of the Dist. of Columbia Dep't. of Corr. v. District of Columbia, 877 F.Supp. 634, 665 (D.C. 1994)("[U]nsolicited touching of . . .prisoner's [genitalia] by prison employees are 'simply not part of the penalty that criminal offenders pay for their offenses against society'"(quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994).

In evaluating a prisoner's claim, courts consider whether "the officials act[ed] with a sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992). Here, the facts alleged indicate, at most, that Plaintiff was subjected to a single pat down search. That, in Plaintiff's view, the search was sexual, does not state a claim for relief. Plaintiff must allege facts that indicate that he was touched in a sexual manner. Plaintiff has failed to do so here.

B. **Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Here, Plaintiff levels generalized allegations and conclusory statements regarding retaliation, but fails to allege any specific conduct by any particular defendant that could be characterized as retaliation, as that term is defined above.

C. **Supervisory Defendants**

Plaintiff names as defendants the Warden at Pleasant Valley, along with other supervisory officials. Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 673. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Because Plaintiff has failed to allege facts sufficient to state a claim for relief, the complaint must be dismissed. Plaintiff will, however, be granted leave to file an amended complaint. Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant,

4

describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

### III.      Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;

5

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **August 12, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE