UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAE MALDONADO,<br><br>        Plaintiff,<br><br>    v.<br><br>PLEASANT VALLEY STATE PRISON, et al.,<br><br>        Defendants. | 1:12-cv-01088-AWI-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM (ECF No. 21.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.   BACKGROUND**

Plaintiff Billy Rae Maldonado ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed an original Complaint commencing this action on July 5, 2012. (ECF No. 1.) The Court[1] previously found on a screening order that Plaintiff failed to state a claim and gave Plaintiff leave to amend.

Plaintiff's First Amended Complaint claims that correctional officer defendant Ramirez grabbed Plaintiff's buttocks and then felt Plaintiff's scrotum during a pat-down search. Defendant Ramirez also approached Plaintiff and puffed out his chest in a threatening manner.

The Court has screened Plaintiff's amended complaint and finds that it fails to state a claim. In a prior order, the Court screened Plaintiff's initial complaint and found that it failed

---

[1] The prior scening order was issued by Magistrate Judge Gary Austin.

1

to state a claim because a pat-down search does not constitute unconstitutional conduct and Plaintiff's Complaint lacked facts indicating Defendant Ramirez had a culpable state of mind. The Court also initially dismissed related claims and supervisor defendants. This Court agrees with that conclusion as applied to similar facts presented in Plaintiff's amended complaint. Given that the Court has already given leave to amend and the issue appears to be one regarding the law rather than presentation of facts, the Court recommends dismissal of Plaintiff's amended complaint with prejudice.

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969

(9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

### III.    SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff alleges that while he was at Pleasant Valley State Prison, he was sexually assaulted by Defendant correctional officer M. Ramirez.  While conducting a pat-down of Plaintiff, Defendant Ramirez squeezed the Plaintiff's buttocks.  When Plaintiff asked why Defendant Ramirez was squeezing Plaintiff's buttocks, Defendant Ramirez became hostile and ordered Plaintiff to remain in a straddling position and Defendant Ramirez shoved his hand into Plaintiff's scrotum.

Following the incident, Defendant Ramirez stalked and intimidated Plaintiff.  On November 28, 2011, Officer Ramirez approached Plaintiff and flexed his chest.

Plaintiff names as defendants Pleasant Valley State Prison, Officer Ramirez, Office of the Warden, and Hiring Authority.

### IV.    FIRST SCREENING ORDER

The Court dismissed Plaintiff's initial complaint upon screening.  (ECF No. 11.)  The Court reviewed the law regarding sexual harassment.  The Court held in relevant part:

> Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment. See Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000) ("In the simplest and most absolute of terms . . . prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse . . .") see also Women Prisoners of the Dist. of Columbia Dep't. of Corr. v. District of Columbia, 877 F.Supp. 634, 665 (D.C. 1994) ("[U]nsolicited touching of . . .prisoner's [genitalia] by prison employees are simply not part of the penalty that criminal offenders pay for their offenses against society" (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994).
>
> In evaluating a prisoner's claim, courts consider whether "the officials act[ed] with a sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992).  Here, the facts alleged indicate, at most, that Plaintiff was subjected to a single pat down search. That, in Plaintiff's view, the search was sexual, does not state a claim for relief. Plaintiff must allege facts that indicate that he was touched in a sexual manner.  Plaintiff has failed to do so here.

(ECF No. 11, at p.3).

///

3

The Court also explained the law regarding retaliation and supervisory defendants and described how Plaintiff's Complaint failed to state claims for retaliation or against any of the supervisory defendants.

## V.   ANALYSIS OF PLAINTIFF'S AMENDED COMPLAINT

The Court finds that Plaintiff's amended complaint fails to state a claim against any defendant.  As the prior court found upon screening Plaintiff's initial complaint, the Court finds that Plaintiff's allegations amount to the fact that Officer Ramirez conducted a pat-down search that included feeling Plaintiff's scrotum, and that later Officer Ramirez puffed up his chest when speaking to Plaintiff.

Prison officials are entitled to conduct pat-down searches, including in private parts of inmates' bodies.  The alleged touching here occured in the context of a pat-down search.  The facts also do not establish that the pat-down search was done "with a sufficiently culpable state of mind."  In other words, the facts do not indicate that Defendant Ramirez conducted the pat-down search in order to sexually assault Plaintiff, or indeed that there was anything sexual about the conduct.

It is clear that Plaintiff was greatly disturbed by these actions.  Nevertheless, the Court does not find that this conduct states a claim for sexual harassment or any constitutional violation.

## VI.   CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claim upon which relief may be granted under § 1983.  The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court.  Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

///

///

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.      This action be DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief may be granted; and

2.      This dismissal count as a STRIKE pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 11, 2016**                        /s/ Erica P. Grosjean
                                                                 UNITED STATES MAGISTRATE JUDGE